**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

FILED

AUG 2 6 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| DIRECTORY ASSISTANTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUPERMEDIA, LLC, ALEJANDRO CARO, | ) |
| STEVEN SAPAUGH, and SCOTT E. DUFFY | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 2:11cv480

**JURY TRIAL DEMANDED**

## COMPLAINT

The plaintiff, Directory Assistants, Inc. ("DAI") alleges the following upon personal knowledge and, after due investigation, upon information and belief as to matters not within personal knowledge.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) as the activity about which DAI complains has taken place and, upon information and belief, is continuing to take place in this district, and DAI has suffered injury in this district.

11123983-v1

## THE PARTIES

3.      DAI is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 500 Winding Brook Drive in Glastonbury, Connecticut.

4.      The defendant SuperMedia, LLC is a Delaware limited liability company with a business address located at 700 Independence Parkway, Chesapeake, Virginia.

5.      The defendant Alejandro Caro is an individual and a citizen of the Commonwealth of Virginia.

6.      The defendant Steven Sapaugh is an individual and a citizen of the Commonwealth of Virginia.

7.      The defendant Scott E. Duffy is an individual and a citizen of the Commonwealth of Virginia.

## FACTUAL BACKGROUND

### I.      Directory Assistants, Inc.'s Business

8.      DAI is an advertising consulting agency specializing in helping businesses efficiently and economically advertise in yellow page directories.

9.      DAI has been in business for over twenty years and has provided its valuable knowledge and services to thousands of small and large businesses in numerous industries in virtually every state across the country.

10.      DAI is compensated for its knowledge and services based on how much a customer saves on its yellow page advertising after applying DAI's strategies and recommendations. DAI's business therefore directly competes with companies that publish yellow page directories and/or place advertising in those directories for a fee.

## II.     SuperMedia

11.     SuperMedia, LLC and its affiliated companies sell advertising solutions and place advertising into its various advertising media, including its Superpages yellow page directories, Superpages.com, and others.  SuperMedia, LLC and/or its affiliate(s) are the official publisher of Verizon Communications, Inc. print directories in the markets in which Verizon is currently the incumbent local telephone exchange carrier.

12.     SuperMedia, LLC sells yellow page advertising and/or publishes yellow page directories in the Commonwealth of Virginia.

13.     The defendants Caro and Duffy are or were sales representatives or "Media Consultants" for SuperMedia, LLC in Virginia.

14.     The defendant Sapaugh is or was a District Sales Manager for SuperMedia, LLC in Virginia.

15.     SuperMedia, Caro, Duffy, and Sapaugh earn money based on the fees that persons and businesses pay to advertise in SuperMedia's yellow page directories.

## III.     False and Defamatory Statements about DAI

16.     Over the past year and a half, DAI has been the victim of several false and defamatory postings on various purported consumer information websites, including RipOffReport.com, ScamInformer.com, InsiderPages.com, JudysBook.com, and YellowPages.com.

17.     DAI has filed two lawsuits in the United States District Court for the District of Connecticut seeking to have these false postings removed and redress for the damages that they have caused.

## A.    The Rip Off Report Posts

18.    The website www.ripoffreport.com includes at least four false and defamatory postings concerning DAI and/or its officers and employees (the "RipOffReport Posts").

19.    On or about February 11, 2009, a person identifying himself as "Steven" posted the following message concerning DAI on www.ripoffreport.com:

> **Report: Directory Assistants Inc "Michael Cody"**
>
> **Directory Assistants Inc. "Michael Cody" "A Yellowpage Consultant Scam Artist" They provide no real service at very high cost and court cases. Glastonbury Connecticut**
>
> Business to business scam that can cost $$$Thousands. They give no real advice and will not help negotiate with AT&T Reps like they said they would.
>
> They promised to help save money with AT&T Yellow Pages. There advice consisted of reducing our ads on AT&T Yellow Pages (which we were planning on doing anyway). They claimed they could get the same ad cheaper (They couldn't). If I promised to save you money on groceries and looked at your bill then said eat only bread you would save money too.
>
> There contract says no risk only pay us if you save money. We did not follow their advice but ended up spending more because we switched programs and went more online at YellowPages.com and less on print. We actually spent more money with AT&T but they took us to court because we reduced our print ad size. They have a 1 hour meeting and then 2 years later say you owe them thousands of dollars (50% of your savings even if you spend more in other areas but reduce the ones your currently in.) In my opinion this is a scam that could cost $40,000!
>
> Steven
> Dallas, Texas
> U.S.A.

20.    On or about December 7, 2009, a person posing as an employee of DAI posted the following on www.ripoffreport.com:

- 4 -

**Report: David Ford – Michael Cody – Carl Staggers – Alison Babel – Peggy Ahern**

David Ford – Michael Cody – Carl Staggers – Alison Babel – Peggy Ahern Directory Assistants Inc. – Directory Assistants Inc "Yellowpage Consultant Scam Artists" They provide no real service at very high cost and court cases. Glastonbury Connecticut Glastonbury, Connecticut

Business to business scam that can cost $$$Thousands. They give no real advice and will not help negotiate with AT&T Reps like they said they would.

They promised to help save money with AT&T Yellow Pages. There advice consisted of reducing our ads on AT&T Yellow Pages. They claimed they could get the same ad cheaper (They couldn't). If I promised to save you money on groceries and looked at your bill then said eat only bread you would save money too.

There contract says no risk only pay us if you save money. We did not follow their advice but ended up spending more because we switched programs and went more online at YellowPages.com and less on print. We actually spent more money with AT&T but they took us to court because we felt their way of practice was unreasonable. They have a 1 hour meeting and then later say you owe them thousands of dollars (50% of your savings even if you spend more in other areas but reduce the ones your currently in.) In my opinion this is a scam that could cost $40,000!

21.     On or about December 14, 2009, a person posing as an employee of DAI posted the

following rebuttal to a post from DAI's general manager:

Carl,

All of what you have said could be expected of you who works for a company like the one that you do. How could you not defend yourselves after such a blow like Steve wrote about Directory Assistants Inc. But how do you explain all the lawsuits that you have been involved in over the years in such a short amount of time? Some of these suits can be viewed online at [URL redacted by RipOffReport.com] and under party name type in "Directory Assistants Inc". Seven suits in just the past 3 years that have all found themselves in the FEDERAL COURT system? Thanks but no thanks. Also, didn't your company have to change it's name from Yellow Page Consultans Inc to whatever you are calling yourselves

these days?  What happened there?  Anyone can pay to be a part of the Better Business Bureau which will drastically decrease the chances of anyone filing a legitimate claim against you.  But I am sure you know all of this already.  Why didn't Michael Cody, the person named in this report file a rebuttle?  How could all this bad stuff happen to such a good group of people?

Websites like these can be bad I guess but can also be good.  Just like you say your company is good but this ripoff report website is bad.  I guess it's just a matter of opinion.  I bet Steve from Texas wishes someone wrote on this website about Michael Cody and your company before he signed up.  If what you say is true and you offer someone who advertises in the yellow pages an actual good service,then you should have nothing to worry about and what should you care about what people say about a company as reputible as yours?  But people should know the truth.

22.     On or about April 11, 2011, a person identifying himself as "Andrew (Knoxville Tennessee United States of America)" posted the following on www.ripoffreport.com:

**Directory Assistants Inc David Ford, Dan Cassain Do Not Sign a Contract with this Company Glastonbury, Connecticut**

Do not sign a contract with this company.  Once you sign the contract you are not a customer, but a victim of their contract.  They won't help you lower your ad costs. They will only tell you to reduce the size of your ad and when you do or make any changes at all they will charge you exhorbitant [sic] and outrageous fees.  Dan C. is the good cop.  He looks nice and is professional.  Once they get you to sign, then you will be dealing with David Ford who sounds like a mafia kingpin.  He will threaten to take you to court if you don't pay exhorbitant [sic] fees.  Their contract if full of deceptive devices that work in their favor.

23.     David Ford is the President of DAI.

24.     Michael Cody is the Vice President of DAI.

25.     Allison Babel and Peggy Ahern are employees of DAI.

26.     Dan Cassin is a former employee of DAI.

**B.      The Scam Informer Post**

27.      On or about April 10, 2011, an unidentified person posted the following on the website www.scaminformer.com (the "Scam Informer Post"):

> **Directory Assistants Inc David Ford, Dan Cassain Do Not Sign a Contract with this Company Glastonbury, Connecticut**
>
> Do not sign a contract with this company. Once you sign the contract you are not a customer, but a victim of their contract. They won't help you lower your ad costs. They will only tell you to reduce the size of your ad and when you do or make any changes at all they will charge you exhorbitant [sic] and outrageous fees. Dan C. is the good cop. He looks nice and is professional. Once they get you to sign, then you will be dealing with David Ford who sounds like a mafia kingpin. He will threaten to take you to court if you don't pay exhorbitant [sic] fees. Their contract if full of deceptive devices that work in their favor.

28.      The Scam Informer Post is false and defamatory.

**III.     SuperMedia and the Individual Defendants Distribute the Rip Off Report Posts and Scam Informer Post to DAI's Potential Customers**

29.      On or about May 10, 2011, DAI received an email from a prospective customer located in the Norfolk, Virginia area informing DAI that SuperMedia and Duffy sent her an electronic mail message (the "SuperMedia Email") that included links to the Rip Off Report Posts, the Scam Informer Posts, court decisions concerning DAI, and a blog that includes comments, opinions, and statements about DAI and one of its employees.

30.      After receiving the SuperMedia Email, the prospective customer decided not to do business with DAI.

31.      Upon information and belief, Caro compiled the links to the Rip Off Report Posts and Scam Informer Post in the SuperMedia Email and, on April 29, 2011, sent the information by electronic mail to Sapaugh, who was a District Sales Manager for SuperMedia at the time. The subject line of that email reads: "Info About Cutter – Please forward."

32.      Upon information and belief, later that same day, Sapaugh forwarded Caro's email to at least 12 SuperMedia employees, including Caro and Duffy.  Sapaugh's email included the following statements:

> Teams- we heard about these guys, they've been here before and all they do is hurt the client.
> we do anything the client wants and we don't charge for it- we sell on value , not fear!
> once the client signs with DA , DA collects for 2 or 3 years on the savings.
> don't let this happen, so review and be aware
> Steve

33.      Duffy sent the SuperMedia Email, including the Rip Off Report Posts and the Scam Informer Post, to a prospective customer of DAI on May 10, 2011.

34.      Upon information and belief, SuperMedia has provided and continues to provide the SuperMedia Email and/or the Rip Off Report Posts and/or the Scam Informer Post and/or other defamatory information concerning DAI to DAI's potential customers.

## FIRST CLAIM FOR RELIEF
### Tortious Interference With Business Expectancy

35.      Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of this Complaint.

36.      DAI has done business with and expects to continue to do business with customers located in the Commonwealth of Virginia.

37.      At all relevant times, SuperMedia, Caro, Duffy, and/or Sapaugh knew that DAI has done business with and expects to continue to do business with customers located in the Commonwealth of Virginia.

38.    SuperMedia, Caro, Duffy, and/or Sapaugh directly compete with DAI in that they sell yellow page advertising and DAI helps certain advertisers reduce the amount of money that they spend on yellow page advertising.

39.    SuperMedia, Caro, Duffy, and/or Sapaugh published false and defamatory statements concerning DAI to DAI's potential customers in an effort to maintain or increase their financial interests by preventing advertisers from hiring DAI to help reduce the amount of money the advertisers spend in yellow page advertising.

40.    DAI has lost business opportunities, suffered damage to its reputation, and has incurred other tangible losses as a result of SuperMedia's, Caro's, Duffy's, and/or Sapaugh's actions.

### SECOND CLAIM FOR RELIEF
### Defamation

41.    Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 40 of this Complaint.

42.    SuperMedia, Caro, Duffy, and/or Sapaugh published defamatory statements about DAI to third parties.

43.    The defamatory statements that SuperMedia, Caro, Duffy, and/or Sapaugh published disparaged DAI's business, the services that DAI provides, and DAI's integrity.

44.    As a result of SuperMedia, Caro, Duffy, and/or Sapaugh publishing defamatory statements about DAI, DAI has suffered damage to its reputation, lost business opportunities, and incurred other compensable damages.

## THIRD CLAIM FOR RELIEF
### Permanent Injunction

45.   DAI hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 44 of this Complaint.

46.   SuperMedia's, Caro's, Duffy's, and/or Sapaugh's conduct has caused and continues to cause DAI irreparable injury to its reputation and has no adequate remedy at law to stop, correct, and prevent this irreparable injury.

47.   DAI is entitled to permanent injunctive relief in the form of an order prohibiting SuperMedia, Caro, Duffy, and/or Sapaugh from making further false or misleading statements regarding DAI and its officers and employees.

48.   DAI has suffered and will continue to suffer irreparable harm without this injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE,** DAI prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.   Monetary damages;

2.   Punitive damages;

3.   Permanent injunctive relief;

4.   Attorneys' fees and litigation costs;

5.   Interest; and

6.   Such other and further relief, in equity and in law, as the Court, in its discretion, deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DAI demands a jury trial.

DIRECTORY ASSISTANTS, INC.

By: _____
Counsel

John B. Mumford, Jr. (VSB No.: 38764)
Kathryn E. Kransdorf (VSB No.: 74124)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel. No.: (804) 967-9604
Fax No.: (804) 967-2411
Email: jmumford@hdjn.com
        kkransdorf@hdjn.com

Frank F. Coulom, Jr. (ct05230)
Brett J. Boskiewicz (ct25632)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel. No.: (860) 275-8200
Fax No.:  (860) 275-8299
E-mail: fcoulom@rc.com
        bboskiewicz@rc.com

*Counsel for Plaintiff Directory Assistants, Inc.*