**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| DIRECTORY ASSISTANTS, INC., | |
| *Plaintiff,* | |
| v. | Case No. 2:11-cv-480 |
| SUPERMEDIA LLC*, et al.,* | |
| *Defendants.* | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants SuperMedia LLC ("SuperMedia"), Alejandro Caro ("Caro"), Steven Sapaugh ("Sapaugh"), and Scott E. Duffy ("Duffy") (collectively, "Defendants") by counsel, hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint in its entirety.

INTRODUCTION

Plaintiff Directory Assistants, Inc. ("DAI") has brought this action against Defendants averring tortious interference with business expectancy and defamation, and seeking a permanent injunction because of Defendants' alleged publication of false and defamatory statements about DAI to a potential customer.  First, procedurally, the Complaint is defective and subject to dismissal because it does not allege the ownership of SuperMedia, but rather, merely alleges that SuperMedia is "a Delaware limited liability company" with a business address in Virginia.  Compl. ¶ 4.  This allegation is insufficient to establish diversity of the parties because an LLC's citizenship is determined by the

citizenship of its members.  Substantively, DAI's Complaint should be dismissed with prejudice, as it fails to state a claim for relief against Defendants, does not plead a valid claim of defamation, and because DAI's claims are barred by the Communications Decency Act, 47 USCS § 230(c).

STATEMENT OF FACTS[1]

Plaintiff DAI has alleged that it is a consulting agency, in business for over twenty years, that helps businesses advertize in yellow page directories.  Compl. ¶¶ 8, 9.  DAI alleges its compensation is based on how much a customer saves on its yellow page advertising after applying DAI's recommendations, and further alleges it competes with companies that publish yellow page directories and/or place advertising in those directories for a fee.  Compl. ¶ 10.  DAI alleges SuperMedia sells advertising solutions and places advertising with various media, including Superpages directories, and sells yellow page advertising and/or publishes yellow page directories in Virginia.  Compl. ¶ 11.

According to DAI, it has been the victim of false and defamatory postings on various consumer information websites, and has filed two lawsuits in Connecticut seeking to have these false postings removed.  Compl. ¶¶ 16, 17.  DAI alleges the website www.ripoffreport.com (the "Rip Off Report" website) includes four defamatory postings concerning DAI and/or its officers and employees. Compl. ¶¶ 18-22.  DAI also alleges that the website www.scaminformer.com (the "Scam Informer" website) includes one false and defamatory posting.  Compl. ¶¶ 27, 28.

---

[1] Defendants assume the facts alleged in Plaintiff's Complaint as true only for the purpose of this Motion to Dismiss.

In its Complaint, DAI does not allege that SuperMedia, or any of its employees created or posted any defamatory statements on the Rip Off Report or Scam Informer Post. Rather, DAI alleges that SuperMedia, and three of its sales representatives, sent an email that included links to the Rip Off Report posts, the Scam Informer post, court decisions concerning DAI, and a blog including comments, opinions, and statements about DAI. Compl. ¶ 29.  According to DAI, Caro compiled the links to the posts and sent that information to Sapaugh via email with a subject line reading "Info About Cutter – Please forward." Compl. ¶ 31.  DAI alleges that Sapaugh then forwarded Caro's email to other SuperMedia employees, and that Duffy sent the email containing Rip Off Report and Scam Informer posts to a prospective customer of DAI. Compl. ¶¶ 32-33.

Based on the above recitations, DAI brought claims against Defendants for tortious interference with business expectancy and defamation.  DAI seeks monetary damages, and a permanent injunction generally prohibiting Defendants from making false or misleading statements regarding DAI.[2]  DAI's allegations consist of broad generalizations and legal conclusions and lack sufficient facts to support a cognizable cause of action against Defendants; the allegations for both claims are inadequate under *Iqbal* and *Twombly*.  Nor do Defendants' actions in forwarding public information constitute defamation.  Finally, as a downstream Internet user who merely received an email containing information and forwarded that information to others, Defendants are immunized by the Communications Decency Act.  Accordingly, DAI's Complaint should be dismissed in its entirety, with prejudice.

---

[2]  It is telling that DAI does not seek a <u>preliminary</u> injunction regarding Defendants' alleged behavior.

<u>ARGUMENT</u>

I.      <u>Standard of Review</u>.

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).   While the Court must take all factual allegations made in a complaint as true, *see Eastern Shore Markets, Inc. v. JD Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), the United States Supreme Court heightened a plaintiff's pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S Ct. 1955 (2007).  In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  550 U.S. at 555. Indeed, the Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case.  *See Giarratano v. Johnson*, 521 F.3d 298, 306 n.3 (4th Cir. 2008).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that he has "nudged his claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal.  First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . ." *Iqbal*, 129 S. Ct. at 1949.  Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense.  *Id.*  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth."  *Id.*

II.      The Complaint Fails to Adequately Plead Diversity Jurisdiction.

DAI asserts this court has jurisdiction over this dispute under its diversity jurisdiction provided by 28 U.S.C. §1332(a). Compl. ¶ 1. To establish diversity jurisdiction, a party must adequately plead diversity between the parties and an amount in controversy greater than $75,000.  28 U.S.C. §1332(a).  The statute requires complete diversity of citizenship. *Owen Equipment & Erection Co. v. Kroger*, 437 US 365, 373 (1978). Complete diversity is only established where each plaintiff and each defendant have diverse citizenship. *Id*.

In support of diversity jurisdiction, DAI alleges that "DAI is a corporation organized and existing under the laws of the State of Connecticut" and that "SuperMedia, LLC is a Delaware limited liability company with a business address located at 700 Independence Parkway, Chesapeake, Virginia."  Compl. ¶¶ 3-4.  The Complaint, however, fails to allege the members of SuperMedia LLC or the citizenship of those members.

5

An unincorporated association has the citizenship of its members. *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir.1983). As an unincorporated association, a Limited Liability Company likewise has the citizenship of each of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *See also, Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, to sufficiently plead diversity jurisdiction, a party must allege the membership and citizenship of the members of an LLC. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Failure to plead the citizenship of members of an LLC is fatal and grounds for a Complaint to be dismissed. *See, e.g. SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686 (E.D. Va. 2011); *Feldkamp v. Long Bay Partners, LLC*, 2:09-CV-253 FTM 29 SPC, 2010 WL 1049417 (M.D. Fla. Mar. 22, 2010) (dismissing the plaintiff's amended complaint on the grounds that it failed to establish diversity jurisdiction where the amended complaint did not list the members of defendant or the citizenship of each member).

DAI alleges that SuperMedia is an LLC. Compl. ¶ 4. Failure to plead the citizenship of the LLC members renders the Complaint inadequate to establish jurisdiction and the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Moreover, as explained in greater detail below, DAI should not be granted leave to amend its Complaint, as the allegations contained therein suffer fatal deficiencies

that cannot be corrected through amendment.  Accordingly, the Complaint should be dismissed with prejudice.

III.    DAI's Claims are Barred by the Communications Decency Act.

         To the extent this Court exercises jurisdiction over DAI's claims, all those claims fail as a matter of law, as DAI's claims for tortious interference and defamation are barred by the Communications Decency Act ("CDA"), 47 USCS § 230(c).  The CDA protects from liability any provider or user of an interactive computer service whom plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker of information provided by another information content provider.  47 USCS § 230(c)(1).  The CDA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet . . ." *Id*. § 230(f)(2); *see also Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, 2008 U.S. Dist. LEXIS 11632 (M.D. Fla. Feb. 15, 2008) (holding that www.ripoffreport.com is an "interactive computer service," and barring plaintiff's defamation claims related to postings on the website).  The CDA plainly immunizes users of interactive computer service providers, such as the Rip Off Report and Scam Informer websites, from liability for defamatory material posted through their services by third parties.  *See Zeran v Am. Online, Inc*. 129 F3d 327 (4th Cir. 1997); *Xcentric Ventures*, 2008 U.S. Dist. LEXIS 11632 at *29; *MCW, Inc. v. Badbusinessbureau.com, L.L.C.,* 2004 U.S. Dist. LEXIS 6678, *29 (N.D. Tex. Apr. 19, 2004).  The CDA likewise protects users and passive publishers of information provided by others from liability that might otherwise attach under state or

federal law as result of such publication – except where the user or provider is responsible for creating or developing the posted information.  *Fair Hous. Council of San Fernando Valley v Roommates.com, LLC* 489 F3d 921 (9th Cir. 2007).

The CDA enforces its mandate in § 230(e)(3), which provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  47 USCS § 230(e)(3).  Read together, these provisions provide immunity from common law tort claims for persons who republish the work of other persons through internet-based methodologies, such as websites, blogs, and email. *See, e.g., Mitan v. A. Neumann & Assocs*., LLC, 2010 U.S. Dist. LEXIS 121568, *16-18 (D.N.J. Nov. 17, 2010); *Barrett v. Rosenthal,* 40 Cal. 4th 33, 51 Cal. Rptr. 3d 55, 146 P.3d 510, 513 (Cal. 2006) (holding that CDA immunity extended to individuals who republish via the  Internet defamatory statements originally made by others in email and internet postings); *Novins v. Cannon*, Civ. No. 09-5354, 2010 U.S. Dist. LEXIS 41147, 2010 WL 1688695, at *2-3 (D.N.J. Apr. 27, 2010) (same).

Here, the CDA bars DAI's claims against Defendants, as Defendants are merely users of an interactive computer service, who are alleged to have forwarded, via email, information contained in those interactive computer services.   Specifically, DAI alleges that Caro, an employee of SuperMedia, forwarded the links to the Rip Off Report and Scam Informer websites within the SuperMedia company to Sapaugh, another employee of SuperMedia.  Compl. ¶ 31.  According to DAI, Sapaugh then forwarded the email to at least twelve other SuperMedia employees, including Caro (the original sender), and Duffy. Compl. ¶ 32.  Duffy then allegedly forwarded an email containing the links to the websites

to a prospective customer of DAI.  Compl. ¶ 33.  DAI's claims of defamation and tortious interference rest entirely upon a SuperMedia employee's forwarding of an email containing links to public, interactive computer service websites. The Complaint contains no other allegations of publishing allegedly defamatory statements to any other third persons on the Defendants' behalf.  *See* generally, Compl.

Courts have repeatedly determined that websites such as the Rip Off Report, which allow third party users to post anonymous information, but provide no content of their own, are considered interactive computer services for the purposes of CDA immunity. *See, e.g. Xcentric Ventures*, 2008 U.S. Dist. LEXIS 11632, at *28; *Badbusinessbureau.com, L.L.C.*, 2004 U.S. Dist. LEXIS 6678 at * 29-30.  Under the terms of the CDA, Defendants were "users of an interactive computer service," and therefore, they cannot "be treated as the publisher or speaker of any information provided by another information content provider."  *See* 47 U.S.C. § 230(c)(1); *see also A. Neumann & Assocs.*, LLC, 2010 U.S. Dist. LEXIS 121568, *16-18.  Regardless of the original source of the defamatory statements, as the downstream Internet user who received an email containing defamatory text and "simply hit the forward icon on [his] computer," Defendants' alleged acts are shielded by the CDA, and DAI's defamation and tortious interference claims are necessarily preempted under 47 U.S.C. § 230(e)(3).  *See Phan v. Pham*, 182 Cal. App. 4th 323, 105 Cal. Rptr. 3d 791, 792 (Cal. Ct. App. 2010).  DAI's claims against Defendants are therefore barred, and the Complaint should be dismissed in its entirety.

IV.    DAI Fails to State a Claim for Defamation Under State Law.

In addition to the immunity from DAI's claims under the CDA, DAI's state law claim for defamation fails as a matter of law, as DAI has failed to plead a *prima facie* case of defamation against Defendants.  The elements of defamation under Virginia law are "(1) publication of (2) an actionable statement with (3) the requisite intent." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (citations omitted); *Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005).  An "actionable statement" is one that is both false and defamatory, meaning it must "tend [so] to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.*  Moreover, private plaintiffs alleging defamation must prove that the defendant acted negligently by a preponderance of the evidence. *Food Lion, Inc. v. Melton*, 250 Va. 144, 458 S.E.2d 580, 584 (Va. 1995).  As DAI has failed to adequately plead the elements of defamation against Defendants, its claim fails as a matter of law and should be dismissed.

A.    DAI Does Not Sufficiently Allege Publication of Any Defamatory Statements.

DAI's Complaint alleges multiple "publications" of an email containing links to public websites from one SuperMedia employee to other SuperMedia employees, but fails to sufficiently allege any publication of defamatory statements to any third party.  Compl. ¶¶ 31, 32.  Publication is an essential element of defamation and requires the uttering of slanderous words to some third party so as to be heard and understood by that third party. *Cobb v. Rector and Visitors of the University of Virginia,* 84 F. Supp. 2d 740, 750 (W.D. Va. 2000); *Thalhimer Bros. v. Shaw,* 156 Va. 863, 159 S.E. 87 (1931). A qualified

privilege arises when such statements are published only to persons within a corporate entity having a duty and interest in the subject matter of the communication, such that the statements will not be deemed "published" for defamation purposes.  *See Larimore v. Blaylock*, 259 Va. 568, 574, 528 S.E.2d 119, 122 (2000); (citing *Chalkley v. Atlantic Coast Line R.R. Co.*, 150 Va. 301, 306, 143 S.E. 631, 632 (1928)).

According to DAI, Caro, an employee of SuperMedia, forwarded an email to Sapaugh, another SuperMedia employee, that contained links to the Rip Off Report and Scam Informer websites.  Compl. ¶ 31.  Sapaugh then allegedly forwarded Caro's email to other SuperMedia employees, with a statement regarding DAI, and his concerns about DAI's business activities.  Compl. ¶ 32.  The forwarding of these emails within SuperMedia cannot constitute defamation, as these emails were not sent to any third party outside of SuperMedia, but rather, contained within the company.  The information contained in the emails regarding a direct competitor necessarily contained information in which the other SuperMedia employees and sales associates had a direct interest. Accordingly, the alleged forwarding of the email from one employee to other employees within the company cannot constitute publication under Virginia law.  The alleged "publications" made by Caro and Sapaugh must therefore be disregarded for the purposes of DAI's claims of defamation against Defendants.

As to the remaining allegations in the Complaint, there is only <u>one</u> allegation regarding publication to a third party outside of the SuperMedia company.  DAI alleges that a "prospective customer" informed DAI that Duffy sent her an email containing links to two public websites discussing DAI, public court decisions concerning DAI, and a link

to a blog that contained comments regarding DAI.  Compl. ¶ 29.  As to this one alleged

publication, DAI has failed to allege that Defendant Duffy published any actual

defamatory statements.  Rather, the alleged publication merely contained links to other

public websites that were already accessible to that "prospective customer."  There is no

allegation that the body of the email sent to the third party contained any defamatory

statements itself.  Rather, it only provided a link to a public website, which is insufficient

to constitute a publication of any actionable statement.

       B.      <u>DAI Fails to Allege an "Actionable Statement</u>."

DAI's Complaint fails to allege any actionable statement, and its claim for

defamation against Defendants likewise fails as a matter of law.  As explained above, DAI

does not allege that the content of the <u>email</u> sent to a potential customer contained any

defamatory statements.  Compl. ¶¶ 29, 33.  Rather, the email only contained links to public

websites containing what DAI alleges were defamatory statements regarding DAI and its

employees.  *Id*.  Thus, there is no actionable statement made by any of the Defendants that

was at anytime published to a third party.

Moreover, the postings contained in the Rip Off Report and Scam Informer

websites cannot be deemed defamatory, as they merely contain the opinions of unidentified

individuals.  Opinion statements are generally not actionable because such statements

cannot be characterized as true or false. *Fuste* v. *Riverside Healthcare Ass'n, Inc.*, 265 Va.

127, 132-33, 575 S.E.2d 858 (2003).  Indeed, the first and second Rip Off Report posts

state, "in my opinion, this is a scam that could cost $40,000!"  Compl. ¶ 19.  The

remaining postings and blogs contain the opinions of anonymous third parties based on

12

their individual experiences with DAI, and likewise cannot be proven true or false.  Even if

the postings on the websites could be considered "actionable" based on their content, DAI

improperly seeks to hold Defendants liable for the statements made by unidentified third

parties, voicing their frustrations with and negative opinions of DAI on a public website.

      C.      <u>DAI Does Not Allege the Requisite Intent</u>.

      In order to state a claim for defamation, DAI must adequately allege the requisite

intent of Defendants, which it has failed to do here.  Under Virginia law, the standard for

intent varies based on the status of the plaintiff as a public or private figure.  Assuming for

purposes of this motion only, that DAI is a private individual, "the defendant may be found

liable if the defendant knew the statement to be false or negligently failed to ascertain

whether the statement was false." *Gazette, Inc. v. Harris*, 229 Va. 1, 325 S.E.2d 713, 725

(1985).

      DAI's claim for defamation fails as a matter of law, as the Complaint does not

allege any facts, whatsoever, relating to Defendants' intent.  The Complaint does not allege

that the individual defendants knew or should have known that the information contained

in the website postings or blogs was false.  *See generally*, Compl. ¶¶ 41-44.  Moreover,

DAI's own allegations imply that Defendants actually believed the comments on the

website posts to be true when they forwarded the emails.  According to the Complaint,

Sapaugh sent an email to other SuperMedia employees, indicating that "we heard about

these guys, they've been here before…don't let this happen, so review and be aware."

Compl. ¶ 32.  It is evident from DAI's own allegations that Defendants believed, or had

reason to believe that the information contained in the website posts was true before forwarding the email.

Accordingly, as DAI has failed to adequately state a claim for defamation, the Complaint should be dismissed with prejudice.

V.      DAI's Claim for Tortious Interference with Business Expectancy Fails as a Matter of Law.

DAI likewise fails to adequately state a claim for tortious interference with business expectancy under the heightened pleading standard set forth in *Twombly* and *Iqbal*.[3]  Under Virginia law, the elements of a cause of action for tortious interference with contract are (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) a reasonable certainty that, absent the intentional misconduct, the plaintiff would have continued in the relationship or realized the expectancy; (4) intentional interference by improper methods; and (5) resultant damage to the party whose relationship or expectancy has been disrupted. *See, e.g., Glass v. Glass*, 228 Va. 39, 51-52, 321 S.E.2d 69, 76-77 (1984).  "[M]ere proof of a plaintiff's belief and hope that a business relationship will continue is inadequate to sustain the cause of action." *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 301, 484 S.E.2d 892, 897 (1997).

A.      DAI Does Not Allege "Improper Means" to Support its Tortious Interference Claim

---

[3] DAI's claim that Defendants interfered with its business expectancy is ironic, considering the way DAI operates.  The "services" DAI offers its clients require it to come between the existing and future contractual arrangements that businesses like SuperMedia have with their existing customers, to supposedly help them lower their advertising costs.

DAI's tortious interference claim against Defendants must be dismissed because the Complaint has not sufficiently alleged "improper means."  Under Virginia law, "improper means" includes tortious, illegal or unethical conduct.  *See e.g., Duggin v. Adams*, 234 Va. 221, 226-228, 360 S.E.2d 832, 836 (1987) (citations omitted) ("Methods of interference considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules. Improper methods may include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence…").

Although defamation can constitute "improper means" to support a tortious interference claim, for the reasons set forth in Sections III and IV above, DAI has failed to plead an actionable defamation claim against Defendants.  As such, the Complaint does not set forth any "independently tortious" behavior as required to establish "improper means" in support of a tortious interference claim.  *See, e.g., Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 716-717 (W.D. Va. 2008).

      B.      <u>DAI Has Not Alleged the Existence of a Valid Business Expectancy, or a Reasonable Certainty of Continuing that Business Expectancy</u>.

DAI has also not adequately alleged the existence of a valid business expectancy. Rather, DAI only alleges the bald conclusion that Defendants published defamatory statements about DAI to third parties, one of which may have been a "potential" or "prospective" customer.  Compl. ¶ 33-34; 42.  It is insufficient under Virginia law and the heightened pleadings standard of *Iqbal* and *Twombly* to generally allege that DAI "has done business with and expects to continue to do business with customers located in the Commonwealth."   Compl. ¶¶ 36-37.  DAI's hope of a future economic benefit with

unnamed customers located in the Commonwealth does not support a tortious interference

with business expectancy cause of action.  *See, e.g. Commercial Bus. Sys., Inc.  v. Halifax*

*Corp.*, 253 Va. 292, 301, 484 S.E.2d 892, 897 (1997) (plaintiff "must establish a

'probability' of future economic benefit," "a 'possibility' that such a benefit will accrue is

insufficient").

The Complaint only alleges that DAI was aware of the email being forwarded to

one specific individual outside of SuperMedia's employees, and fails to allege why it

believes there was a <u>probability</u> of future economic benefits with this individual.  DAI fails

to allege the identity of this third party, or the basis for its belief that a reasonable certainty

of continuing a business expectancy existed with this individual.  Rather, DAI only

conclusorily alleges that it has lost business opportunities and suffered damage to its

reputation, without specifically alleging which opportunities it lost, how, and what

damages it incurred.  Compl. ¶ 40.  Accordingly, DAI has not sufficiently alleged the

existence of a valid business expectancy, and its claim for tortious interference fails as a

matter of law.

C.     <u>DAI has not Alleged Defendant's Knowledge of Any Business Expectancy</u>.

The heightened pleading standards of *Iqbal* and *Twombly* require more than the

threadbare recitals of the elements of a cause of action.  It is therefore insufficient to

merely allege that Defendants knew that DAI generally did business with and expected to

continue to business with customers located in the Commonwealth of Virginia.  Compl. ¶

37.  DAI has only alleged that one potential customer received the email in question, and

does not specifically allege any business expectancy with that potential customer, or that

16

Defendants were aware of such a business expectancy.  Accordingly, as DAI has failed to allege a requisite element of its tortious interference claim - namely, Defendants' knowledge of DAI's business expectancy with the potential customer that allegedly received the email - the claim should be dismissed.

VI.    <u>DAI is Not Entitled to a Permanent Injunction</u>.

DAI's request for injunctive relief should be denied, and the claim dismissed, as the allegations in the Complaint do not meet the requirements for issuing a permanent injunction.  As set forth above, Defendants have not and are not engaging in any tortious or wrongful activities which would permit entry of an injunction enjoining their actions. They have not defamed DAI, and their actions, as a matter of law, do not constitute a tortious interference with DAI's business relationships or expectancy.  There is simply no factual or legal basis to enjoin Defendants, and as the first two claims of the Complaint fail as a matter of law, the third claim cannot be granted.

CONCLUSION

For the reasons set forth above, DAI's Complaint against Defendants SuperMedia LLC, Alejandro Caro, Steven Sapaugh, and Scott E. Duffy should be dismissed in its entirety, judgment entered for Defendants, and Defendants awarded their costs and fees incurred in its defense of this action.

Respectfully submitted,

SUPERMEDIA LLC,
ALEJANDRO CARO,
STEVEN SAPAUGH and
SCOTT E. DUFFY

By Counsel

_____/s/_____

Robert W. McFarland (VSB No. 24021)
Erin Q. Ashcroft (VSB No. 74636)
McGuireWoods LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
Tel:    757/640-3733
Fax:    757/670-3961
eashcroft@mcguirewoods.com

*Attorneys for Defendants.*

## CERTIFICATE OF SERVICE

I certify that on October 3, 2011 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

John B. Mumford, Jr.
Kathryn E. Kransdorf
Hancock, Daniel, Johnson & Nagle, P.C.
Glen Allen, Virginia 23060
Tel:    804/967-9604
Fax:    804/967-2411

Frank F. Coulom, Jr.
Brett J Boskiewicz
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel:    860/275-8200
Fax:    860/275-8299

*Counsel for Plaintiff*

_____/s/_____
Robert W. McFarland (VSB No. 24021)
Erin Q. Ashcroft (VSB No. 74636)
McGuireWoods LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
Tel:    757/640-3733
Fax:    757/670-3961
eashcroft@mcguirewoods.com

*Attorneys for Defendants*

\33744400.1